

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**MAY 0 3 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CHARLES CURTIS HEITMAN | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | MISC. NO. B-00-001 |
| GARY JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Charles Curtis Heitman (Petitioner) is a prisoner incarcerated in the Walls Unit in Huntsville, Texas. Petitioner is currently in custody as the result of two state convictions for driving while intoxicated. *The State of Texas v. Charles Curtis Heitman,* 93-CR-1719-B; 94-CR-278-B; *Resp't Johnson's Mot. to Dismiss as Time Barred Pursuant to 28 U.S.C. §2244(d),* Exhibit A at 1-2.

The first offense, 93-CR-1719-B, occurred on September 21, 1993. *Resp't Johnson's Mot. to Dismiss,* Exhibit A at 1-2. Petitioner was indicted on November 17, 1993, and pled guilty on January 14, 1994. On February 11, 1994, the court sentenced him to five years imprisonment and five years suspended sentence. *Ex Parte Heitman,* No. 42,748-01 at 16.

The second offense, 94-CR-278-B, occurred on December 20, 1993. *Resp't Johnson's Mot. to Dismiss,* Exhibit A at 1-2. Petitioner was indicted on February 9, 1994, and pled guilty on March 31, 1994. On April 14, 1994, the court sentenced him to five years imprisonment and five years suspended sentence. *Ex Parte Heitman,* No. 42,748-02 at 15.

Petitioner subsequently violated the conditions of his parole, and his parole was revoked on October 9, 1996. *Ex Parte Heitman,* No. 42,748-01 at 47-49; *Ex Parte Heitman,* No. 42,748-02 at 43. The court ordered Petitioner imprisoned and his sentences to be served consecutively.

1

*Ex Parte Heitman*, No. 42,748-01 at 47; *Ex Parte Heitman*, No. 42,748-02 at 41. Petitioner did not appeal his convictions.

Petitioner filed two state applications for a writ of habeas corpus on July 12, 1999, challenging his convictions. *Ex Parte Heitman*, No. 42,748-01 at 1; *Ex Parte Heitman*, No. 42,748-02 at 1. The Texas Court of Criminal Appeals dismissed the applications on November 3, 1999. *Ex Parte Heitman*, No. 42,748-01 at cover; *Ex Parte Heitman*, No. 42,748-02 at cover.

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. §2254 on the following grounds:

1.    The trial court improperly ordered that his probated sentence was to be served cumulatively with his other sentences.

2.    The trial court violated his right to be free from double jeopardy when it improperly increased his sentence by adding a cumulative order.

3.    The trial court violated his due process rights because the two sentences did not conform to state law.

Respondent has filed a Motion to Dismiss pursuant to 28 U.S.C. 2244(d).

## ANALYSIS

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to all habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). As Petitioner filed his filed his §2254 petition on December 14, 1999, his petition is subject to the provisions of the AEDPA.[1] *Petition, Cover Letter* at 1.

The AEDPA states that a person in custody may not apply for a writ of habeas corpus more than one year after the date judgment became final either by conclusion of a direct review or

---

[1] It is unclear when Petitioner's federal petition was filed. The cover letter included in the petition is dated December 14, 1999. The petition itself is dated January 3, 2000, and stamped January 7, 2000. To allow Petitioner the greatest possible leeway, it is assumed that the petition was filed on December 14.

2

CUtePDF - www.fastio.com

by expiration of the time for seeking such review. 28 U.S.C. §2244 (d)(1)(A).

The Texas Rules of Appellate Procedure state that a party must file a notice of appeal within 30 days after the day sentence is imposed or suspended in open court, or the day after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a).

Here, Petitioner attacks the rulings made during the September 30, 1996 parole revocation proceedings. As Petitioner did not appeal this decision, the September 30, 1996 judgment became final thirty days after it was entered, on October 30, 1996. Consequently, the one-year limitation period to file a federal habeas petition expired one year later, on October 30, 1997. Because Petitioner did not file his federal petition until December 14, 1999, his petition is untimely.

The limitation period for filing a federal habeas petition is tolled while a state post-conviction review is pending. 28 U.S.C. §2244(d)(2). Here, Petitioner filed his state habeas petitions on July 12, 1999, well beyond the one year limitation period. Thus, the state petitions have no tolling effect, and Petitioner's federal petition remains time barred.

Petitioner argues that the one-year limitation period for filing a federal habeas is an attempt to tell him when to file his state petition in violation of the Supremacy Clause of the U.S. Constitution. *Pet'r Objections to Resp't Mot. to Dismiss as Time Barred* at 3-4. Petitioner reasons that since there is no time limit for filing his state petition, the federal one year limitation forces petitioners to file their state petition within a narrow window of time; essentially imposing a limitation period on the state petition. *Id.* Petitioner cites Article 11.07 to demonstrate that Texas has no statute of limitations for state habeas petitions. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 1999); *Pet'r Objections* at 3-4. Petitioner cites no other authority.

This argument is specious. The AEDPA provides a methodology for effective implementation of federal habeas relief. It does not alter, affect, or prescribe the manner in which a petitioner must pursue state habeas relief.

Here, Petitioner wishes to avail himself of the federal habeas relief pursuant to §2254, but does not wish to be hampered by its procedural deadlines. It is axiomatic that if petitioner desires federal habeas relief, he must comply with federal deadlines as set out in §2244(d)(1).

Petitioner also argues that applying a new statute of limitations such as the AEDPA is a retroactive application of legislation that violates unspecified provisions of the U.S.

3

Constitution. *Pet'r Objections* at 4.

The AEDPA was passed April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). The rulings petitioner challenges occurred during the hearing on September 30, 1996. As such, the AEDPA was in effect when Petitioner's hearing took place, and there was no retroactive application of the one-year limitation period.[2]

Therefore, Petitioner's application for federal habeas relief should be DENIED, and Respondent's Motion to Dismiss should be GRANTED.

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 should be DENIED, and Respondent's Motion to Dismiss Pursuant to 28 U.S.C. §2244(d) should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

[2] Even assuming that Petitioner is challenging his original 1994 convictions, the petition remains barred. Habeas petitioners whose convictions preceded the AEDPA are allowed a reasonable time period from the date the AEDPA was passed to file their federal petitions. *Flanagan v. Johnson*, 154 F.3d 196, 199-200 (5th Cir. 1998). The reasonable time period runs from April 24, 1996 to April 24, 1997. *Id.* This ensures that the new limitation period is not unfairly retroactively applied. *Id.* Again, Petitioner did not file his federal petition until December 14, 1999, well beyond the April 24, 1997 deadline.

4

DONE in Brownsville, Texas this _1st_ day of _May_ , 2000.

 

Felix Recio
United States Magistrate Judge

5

CVisPDF - www.fasiso.com